UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRENT KOSIK,**

    Plaintiff,

  v.                                                        Case No. 23-CV-761-SCD

**MARTIN J. O'MALLEY,**
  *Commissioner of the Social Security Administration,*

    Defendant.

## DECISION AND ORDER

    Trent Kosik applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* An administrative law judge conducted a hearing, and a vocational expert testified that a hypothetical person with Kosik's age, education, work experience, and limitations could perform certain jobs that existed in significant numbers in the national economy. Relying on this testimony, the ALJ denied Kosik's claim for benefits. Kosik seeks judicial review of that decision, arguing that the ALJ failed to fully develop the record with respect to the VE's testimony. As explained below, Kosik forfeited this argument, and in any event, he has not shown that the ALJ reversibly erred in accepting the VE's conclusion. Therefore, I will affirm the denial of disability benefits.

## BACKGROUND

    Kosik applied for social security benefits in 2021, claiming that he became disabled in 2018. R. 200. The state agency charged with reviewing the applications on behalf of the Social Security Administration denied Kosik's claim initially and upon his request for reconsideration. R. 80, 86. After the state agency denial, Kosik appeared with counsel for a

hearing before an ALJ. R. 29–52. Erin Welsh testified at the hearing as a vocational expert. R. 48–50. Welsh opined that a hypothetical person with Kosik's vocational profile could not perform any of his past work. R. 49. However, Welsh advised that such an individual could perform other jobs existing in the national economy, such as hotel housekeeper, merchandise marker, and small parts assembler. R. 50. Welsh confirmed that her testimony was consistent with the Dictionary of Occupational Titles,[1] and Kosik's counsel declined to ask Welsh any follow up questions.

In December 2022, the ALJ issued a written decision denying Kosik's disability application. R. 10. He considered the application under 20 C.F.R. § 416.920(a), which sets forth a five-step process for evaluating SSI claims. See R. 13–24. Relying on the vocational expert's testimony, the ALJ determined at step five that there were jobs existing in significant numbers in the national economy that Kosik could perform. R. 23. Based on the step-five finding, the ALJ determined that Kosik was not disabled at any time since he applied for benefits. R. 23–24. The Social Security Administration's Appeals Council subsequently denied Kosik's request for review, R. 1, making the ALJ's decision a final decision of the Commissioner of the Social Security Administration, *see Loveless v. Colvin*, 810 F.3d 502, 506 (7th Cir. 2016).

In June 2023, Kosik filed this action seeking judicial review of the Commissioner's decision denying his claims for disability benefits under the Social Security Act, 42 U.S.C. § 405(g). *See* ECF No. 1. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF

---

[1] The Dictionary of Occupational Titles (DOT) is "a publication produced by the Department of Labor that lists job titles and their requirements." *Ruenger v. Kijakazi*, 23 F.4th 760, 761 (7th Cir. 2022).

Nos. 5, 8, 9. Kosik filed a brief in support of his disability claim, ECF No. 12; the Commissioner filed a brief in support of the ALJ's decision, ECF No. 19; and Kosik filed a reply brief, ECF No. 20.

## APPLICABLE LEGAL STANDARDS

"Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Pursuant to sentence four of § 405(g), federal courts have the power to affirm, reverse, or modify the Commissioner's decision, with or without remanding the matter for a rehearing. A reviewing court will reverse the Commissioner's decision "only if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) (citing *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

"Substantial evidence is not a demanding requirement. It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing the record, this court may not re-weigh the evidence or substitute its judgment for that of the ALJ." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Rather, the court must determine whether the ALJ built an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)).

## DISCUSSION

Kosik contends that the ALJ failed to fully develop the record because the ALJ should have considered his ability to complete probationary and/or training requirements when determining whether there was work available in the national economy. ECF No. 12 at 10. The ALJ did not inquire, the VE did not volunteer, and Kosik's counsel did not question whether any of the jobs identified during the hearing involve probationary and/or training requirements (much less whether such requirements would conflict with Kosik's RFC). Therefore, Kosik requests that I remand the case to allow VE testimony regarding any such requirements. *Id.* The Commissioner argues that Kosik's argument fails for three reasons: (1) Kosik forfeited the argument by failing to raise the issue at the hearing with the ALJ; (2) Kosik fails to establish that the omission was prejudicial; and (3) Kosik relies on a flawed understanding of the RFC. ECF No. 19 at 10.

Despite Kosik's best efforts to cast blame on the ALJ's development of the record, his argument is essentially a challenge to the VE's methodology (i.e., claiming that the VE erred in concluding that Kosik could perform certain available jobs by failing to account for potential conflicts with the training requirements). But "[a] claimant who fails to object at the hearing forfeits any challenge to the VE's testimony." *Fetting v. Kijakazi*, 62 F.4th 332, 338 (7th Cir. 2023); *see also Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023) ("*Fetting* stands for the limited principle that a claimant may not start objecting to unquestioned and uncontradicted VE testimony in federal court after the closure of the administrative record."). The ALJ offered Kosik's counsel the opportunity to ask the VE questions during the hearing, and counsel declined to do so. Because Kosik failed to timely challenge the VE's testimony, he forfeited his argument.

4

Regardless of forfeiture, the record lacks any factual support to find that the ALJ erred. *See DuCharme v. Kijakazi*, No. 21-2204, 2022 WL 3287974, at *4 (7th Cir. Aug. 11, 2022) ("declin[ing] to address . . . factual matters on appeal without record support," where claimant's counsel "failed to argue anything related to step five to the ALJ" and thus the court "can only speculate"). Kosik cites other district court cases in which other vocational experts testified about the training requirements of the representative jobs at issue here. ECF No. 12 at 11–12. But Kosik also acknowledges that "it is well established that VE testimony does not hold precedential value." *Id.* at 12; *see also Biestek*, 587 U.S. at 108 (holding that determining the substantiality of evidence requires a case-by-case inquiry). Because Kosik failed to elicit any testimony regarding training requirements from the VE in this case, his basis for remand amounts to nothing more than speculation (that the training requirements would conflict with his RFC).[2] "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citing *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)).

Ultimately, the ALJ's finding that there are a significant number of jobs in the national economy is supported by substantial evidence because the ALJ reasonably relied on the VE's testimony. *See Fetting*, 62 F.4th at 337 ("When no one questions the VE's foundation or reasoning, an ALJ is entitled to accept the VE's conclusion.") (cleaned up) (quoting *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002)). The burden of proof belongs to the agency at step five of the disability analysis, and the ALJ has a duty to "hold the VE to account for the

---

[2] Given the reliance on speculation and independently satisfactory reasons for affirming the ALJ's decision, I will not attempt to determine whether the ALJ could have properly considered any probationary or training requirements in this matter. *See* ECF No. 19 at 9–10 (explaining Commissioner's argument that training requirements are too temporary to constitute a conflict with the RFC).

5

reliability of [her] job-number estimates." *Leisgang*, 72 F.4th at 220 (quoting *Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018). Here, the ALJ complied with his "affirmative responsibility to inquire about possible conflicts between the VE's testimony and the DOT and to obtain a reasonable explanation for any apparent conflict." *Nicholson v. Astrue*, 341 F. App'x 248, 254 (7th Cir. 2009); R. at 50 (identifying no conflict between the VE's testimony and the DOT). After the VE denied any conflict and Kosik declined to challenge the VE's testimony, the ALJ had no affirmative obligation to inquire further. *See Fetting*, 62 F.4th at 340 (rejecting argument that ALJ "fail[ed] in his duty of inquiry" by not further questioning the VE, because "the VE's testimony did not give the ALJ any reason to suspect that his methodology was unreliable"). Accordingly, Kosik has failed to demonstrate that the ALJ reversibly erred in reaching his decision, and I will affirm the denial of disability benefits.

## CONCLUSION

For all the foregoing reasons, I find that substantial evidence supports the ALJ's decision and that Kosik has not demonstrated that the ALJ committed reversible error in denying his disability claim. I therefore **AFFIRM** the Commissioner's decision. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 28th day of August, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge